FILED

10 SEP -3 PM 1:34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

**TO BE FILED UNDER SEAL**

| | |
|---|---|
| DARCY PASCHALL,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 08-cv-1260 BEN<br>(Related to 05-cr-0200)<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255<br><br>[Docket No. 79] |

    Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Docket No. 79.) Under the Motion, Petitioner alleges: (1) ineffective assistance of counsel (Ground One); (2) violation of Rule 11 (Ground Two); (3) violation of plea agreement (Ground Three); and (4) violation of the Sixth Amendment (Ground Four). For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

    On or around May 6, 2004, Petitioner knowingly and intentionally delivered 107.6 grams of methamphetamine to a cooperating witness. Opp. Ex. 1 p. 2.

    On August 30, 2005, Petitioner pleaded guilty to one count of aiding and abetting and intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Docket Nos. 39, 40.) This Court accepted Petitioner's plea on the same day.

1  On August 28, 2007, based on Petitioner's plea, this Court sentenced Petitioner to 92 months in custody. Mot. p. 40-41.

On July 11, 2008, Petitioner filed the Motion currently before the Court. (Docket No. 79.) Petitioner alleges she received ineffective assistance of counsel (Ground One) because her counsel never explained the consequences of the plea agreement, counsel failed to rebut the Presentence Report, and counsel failed to file an appeal. Mot. p. 8. Petitioner also alleges the Sentencing Guidelines are unconstitutional and, therefore, her sentence is unconstitutional. Mot. p. 18. Petitioner's claims for violation of Rule 11 (Ground Two), violation of the plea agreement (Ground Three), and violation of the Sixth Amendment (Ground Four) are based on these same allegations. Respondent filed a Response. (Docket No. 90.)

For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

## DISCUSSION

Petitioner's plea agreement includes a waiver provision providing, in relevant part,

> . . . Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the United States. . .

Opp., Ex. 1 at p. 7-8.

The Ninth Circuit regularly enforces knowing and voluntary waivers in criminal cases where the waivers are part of negotiated guilty pleas. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id.* at 1068 (citing *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)). When a waiver is a term of the plea agreement and the defendant states she understands the agreement, she has knowingly and voluntarily waived his right to appeal. *Michlin*, 34 F.3d at 898-99.

The plea agreement's language in this case clearly embraces a waiver of any collateral attack on the imposed sentence, including a Section 2255 motion. *See United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam). The record reflects that Petitioner's waiver was knowing and voluntary, as evidenced by her initials on each page of the plea agreement and signature at the end of

the agreement. Opp., Ex. 1. Petitioner's claim that she did not agree with the plea and did not know the consequences of the agreement is refuted by the record in this case. In entering her plea before this Court, Petitioner expressly acknowledged she was knowingly and intentionally waiving her right to collaterally attack her plea, conviction and sentence. Opp. Ex. 2 at 7:24-8:16. Petitioner also authenticated her signature and initials on the plea agreement, and acknowledged that she had read the agreement carefully and understood the terms set forth therein. *Id*. at 12:20-13:12. Notwithstanding, the Court proceeded to identify key provisions in the agreement, including the waiver provision, and Petitioner again acknowledged her voluntary and knowing consent to the agreement. *Id*. at 14:23-15:10. Accordingly, the Court finds that Petitioner's waiver was made knowingly and voluntarily and, thus, is valid.

The exceptions to waiver set forth in the plea agreement also do not apply. Those exceptions include where the Court imposes a sentence greater than the high end of the range recommended by the Government or the statutory mandatory minimum. The record shows that the applicable sentencing range in this case was between 92 and 115 months (Mot. p. 25) and the statutory mandatory minimum was 10 years (21 U.S.C. § 841(b)). Nonetheless, the Court imposed a sentence of only 92 months. The Court's sentence clearly did not exceed the high end of the sentencing range recommended by the Government and did not exceed the statutory mandatory minimum. Thus, the exceptions to Petitioner's waiver do not apply.

In light of the above, the Court finds that, pursuant to the plea agreement, Petitioner has waived her claim to ineffective assistance of counsel (Ground One). Petitioner's claims for violation of Rule 11 (Ground Two), violation of the plea agreement (Ground Three), and violation of the Sixth Amendment (Ground Four) are based on the same allegations as her claim for ineffective assistance of counsel. Accordingly, for the same reasons set forth above, the Court finds that, pursuant to the plea agreement, Petitioner has also waived these claims.

## CONCLUSION

For the reasons set forth above, the Motion is **DENIED**.

**IT IS SO ORDERED**.

Date: August 3, 2010

Hon. Roger T. Benitez, USDC Judge